MAS-20030312　　　　　　　　　　　Case 1:04-cv-12214-JLT   Document 3   Filed 11/15/2004   Page 1 of 20　　　　10/28/2004
collins　　　　　　　　　　　　　　　　　　Commonwealth of Massachusetts　　　　　　　　　　　　　　　　　　　　　10:51 AM
　　　　　　　　　　　　　　　　　　　　　　ESSEX SUPERIOR COURT
　　　　　　　　　　　　　　　　　　　　　　　　Case Summary
　　　　　　　　　　　　　　　　　　　　　　　　　Civil Docket

## ESCV2004-01068
### Sampson et al v Salisbury, Town of et al

04-12214

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 06/03/2004 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 10/28/2004 | **Session** | B - Civil-CtRm 1 (Newburyport) | | |
| **Origin** | 1 | **Case Type** | B99 - Misc tort | | |
| **Lead Case** | | **Track** | F | | |
| **Service** | 09/01/2004 | **Answer** | 10/31/2004 | **Rule12/19/20** | 10/31/2004 |
| **Rule 15** | 10/31/2004 | **Discovery** | 03/30/2005 | **Rule 56** | 04/29/2005 |
| **Final PTC** | 05/29/2005 | **Disposition** | 07/28/2005 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Joseph Sampson
Active 06/03/2004

**Private Counsel 195000**
Scott F Gleason
Gleason Law Offices (Scott F)
163 Merrimack Street
Haverhill, MA 01830
Phone: 978-521-4044
Fax: 978-521-3738
Active 06/03/2004 Notify

**Plaintiff**
Pamela Sampson
Active 06/03/2004

**Defendant**
Salisbury, Town of
Served: 06/18/2004
Served (answr pending) 06/18/2004

**Private Counsel 555346**
George X Pucci
Kopelman & Paige PC
31 Saint James Avenue
Park Square Building 7th floor
Boston, MA 02116
Phone: 617-556-0007
Fax: 617-654-1735
Active 07/08/2004 Notify

**Defendant**
Michael Bask, in his capacity as Salisbury Town Manager
Service pending 06/03/2004

*** See Attorney Information Above ***

A TRUE COPY, ATTEST

DEPUTY ASST. CLERK

**Commonwealth of Massachusetts**
ESSEX SUPERIOR COURT
Case Summary
Civil Docket

## ESCV2004-01068
### Sampson et al v Salisbury, Town of et al

**Defendant**
Ron Christ in his capacity as Chairman of
Conservation Commission
Served: 06/18/2004
Served (answr pending) 06/18/2004

*** See Attorney Information Above ***

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 06/03/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 06/03/2004 | | Origin 1, Type B99, Track F. |
| 06/29/2004 | 2.0 | SERVICE RETURNED: Salisbury, Town of(Defendant)in hand to agent in charge |
| 06/29/2004 | 3.0 | SERVICE RETURNED: Ron Christ in his capacity as Chairman of Conservation Commission(Defendant)in hand to agent in charge |
| 07/08/2004 | 4.0 | Atty George X Pucci's notice of appearance for Salisbury, Town of, Michael Bask, in his capacity as Salisbury Town Manager, Ron Christ in his capacity as Chairman of Conservation Commission |
| 09/28/2004 | 5.0 | Amended complaint of Joseph Sampson, Pamela Sampson, Filed 9/27/04 |
| 09/30/2004 | 6.0 | Defendant Salisbury, Town of, Michael Bask, in his capacity as Salisbury Town Manager, Ron Christ in his capacity as Chairman of Conservation Commission's MOTION to Dismiss (MRCP 12b) Complaint of Joseph Sampson, Pamela Sampson,memorandum in support, plff's. opposition, filed 9/29/04 |
| 10/20/2004 | | Notice sent to appear on December 02, 2004 for a hearing on motion to dismiss at 2:00 p.m. in the Newburyport Superior Court. |
| 10/26/2004 | 7.0 | Notice for Removal to the United States District Court filed by Salisbury, Town of, Michael Bask, in his capacity as Salisbury Town Manager, Ron Christ in his capacity as Chairman of Conservation Commission, Filed 10/22/04 |
| 10/28/2004 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 12/02/2004 | Civil-CtRm 1 (Newburyport) | Motion/Hearing: Rule12 to Dismiss | Event canceled not re-scheduled |
| 06/03/2005 | Civil-CtRm 1 (Newburyport) | Status: Review Annual Fee | Event canceled not re-scheduled |



A TRUE COPY ATTEST
DEPUTY ASST CLERK

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                                    NEWBURYPORT SUPERIOR
                                                              DOCKET NO.: 04-1068-B

|  |  |
|---|---|
| JOSEPH AND PAMELA SAMPSON, <br> Plaintiffs <br><br> vs. <br><br> TOWN OF SALISBURY and MICHAEL BASK in his capacity as Salisbury Town Manager and RON CHRIST, in his capacity as Town of Salisbury Chairman of the Conservation Commission, <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

A TRUE COPY ATTEST
DEPUTY ASST. CLERK

## COMPLAINT FOR DAMAGES
(Jury Trial Demanded)

### INTRODUCTION

This is a tort action brought by the plaintiffs for damages including all costs which arose from the defendants' negligence and misrepresentation.

### PARTIES

1. At all times herein mentioned, the plaintiff, Joseph Sampson, was an individual residing at 8 Wyman Greely Street, Salisbury, Essex County, Massachusetts.

2. At all times herein mentioned, the plaintiff, Pamela Sampson, was an individual residing at 8 Wyman Greely Street, Salisbury, Essex County, Massachusetts.

3. At all times herein mentioned, the defendant, Town of Salisbury ("Salisbury") was a municipality duly organized and existing under the laws of the Commonwealth of Massachusetts.

4. At all times herein mentioned, the defendant, Michael Bask, ("Bask") was a person employed by the Town of Salisbury and this claim is brought against him acting in the capacity as Town Manager.

1

5.  At all times herein mentioned, the defendant, Ron Christ, ("Christ") was a person employed by the Town of Salisbury as Chairman of the Conservation Commission.

## FACTS

6.  In 1998, the plaintiffs, herein referred to as the "Sampsons", decided to build a home for personal use and enjoyment and privacy in the Town of Salisbury, Massachusetts on the lot known as 8 Wyman Greely Street, Salisbury, Massachusetts, Book 14971, Page 005. The referenced lot was owned by the Sampsons.

7.  The Sampsons filed for and obtained all necessary Salisbury building permits from both state and local agencies. The process required extensive interaction with Salisbury Town officials including environmental, conservation and State Army Corps of Engineers.

8.  Wyman Greely Street is a dead end street that borders wetlands and a tidal salt marsh. The Sampson house was to be the last house before the wetlands and the tidal salt marsh on the right hand side of the street.

9.  Before the Sampsons began construction on their house at 8 Wyman Greely Street, they wanted assurance from the Town of Salisbury that no further development would encroach upon their home, invade their privacy and interrupt their quiet enjoyment. The Sampsons insisted that the Town of Salisbury provide assurances.

10. In an effort to preserve their pristine view and quality of life, the Sampsons formally requested from the Town of Salisbury assurances that the lot directly across from theirs, Lot 7, on the left hand side of the street was unbuildable and therefore no house would ever be built. These assurances came from a Town of Salisbury opening meeting on August 19, 1998.

11. Specifically, these assurances came at the referenced public meeting from State Army Corps of Engineer, David Kadell, and Ron Christ, Chairman of Local Salisbury Conservation Commission that Lot number 7, across from the Sampsons, was indeed unbuildable.

12. The Sampsons relied upon these representations and assurances by the Town of Salisbury officials, et al, to their detriment.

13. On or about March, 1999, the Sampsons entertained the notion of purchasing Lot 7 to preserve their pristine view, increase the value of their property holdings and with the possibility of building a "small" house that would not encroach on their view or privacy or disrupt their quality of life. The purchase price for Lot 7 was $60,000.00. The Sampsons were again reassured by Town of Salisbury officials that the lot was unbuildable. Based on this information, the Sampsons decided not to pursue the purchase of Lot 7.



Case 1:04-cv-12214-JLT    Document 3    Filed 11/15/2004    Page 5 of 20

14. Subsequently, Lot 7 was purchased, not by the Sampsons but by a different party, George and Cheryl Andrews. The Sampsons were notified of the Andrews' intention to build a house on Lot 7 via a Notice of Intent dated July 15, 1999.

15. The Sampsons were obviously dismayed at the idea that Lot 7 had been purchased and were further upset that the new owners intended to build a house, due to the fact that the Sampsons had been repeatedly told that Lot 7 was unbuildable.

16. On July 15, 1999, the Sampsons attended the Salisbury Town Notice of Intent Meeting. The Andrews presented detailed plans that included the lot location for a small scale house, which would be tucked away in the southwest corner of the property. The plans presented were specified to the house size, scale and location.

17. The building plans were reviewed by the Sampsons who reluctantly accepted the idea that Lot 7 would be developed with the construction of the small scale house. This was due to the fact that the plans specifically illustrated a small scale house. The Sampsons were convinced, based upon the presented plans that their privacy, view and quality of life would not be compromised and therefore did not object as the house was to be located on the southwest corner of the lot.

18. Construction commenced on the house on Lot 7. However, the house was not located in the southeast corner of the lot as had been specifically detailed at the July 15, 1999 Notice of Intent Meeting. Furthermore, the house was not remotely close in size or design to the one that had been portrayed at the Notice of Intent Meeting on July 15, 1999. The house that was being constructed was substantially larger in scale and encroached upon the Sampsons property and, *inter alia*, destroyed their pristine view, has significantly compromised their quality of life and has caused substantial property damage.

19. The Sampsons were never formally notified of any house placement change or size structure change from the building plans presented at the Notice of Intent Meeting on July 15, 1999.

20. The Town of Salisbury issued orders of conditions for the building on Lot 7 on September 1, 1999 and extended the orders of conditions until September 1, 2005 without explanation or notice the Sampsons or other abutters.

21. On August 26, 2003 the Sampsons sent by certified mail, a Notice of Claim pursuant to M.G.L. Chapter 258, section 4 to the Salisbury Town Manager, et al, demanding, among other things, that the Sampsons be formally notified of any permitting requirement or hearing relative to Lot 7. See Exhibit 1.

22. The Town of Salisbury has not responded to the Sampsons' Notice of Claim Letter (Chapter 258, section 4).

3

## COUNT ONE - NEGLIGENCE

23. The plaintiffs repeat and reallege the allegations contained in paragraph 1 through 22 above as though fully set forth herein.

24. Defendants acted negligently by allowing the construction of a house on Lot 7, Wyman Greely Street, Salisbury, Massachusetts, despite notice that Lot 7 was unbuildable and despite overwhelming civil, environmental, engineering wetland and zoning evidence which raised serious safety and health concerns.

25. As a result of the defendant's negligence, the plaintiffs have suffered damages

## COUNT II - MISREPRESENTATION

26. The plaintiffs repeat and reallege the allegations contained in paragraph 1 through 25 above as though fully set forth herein.

27. The defendants misrepresented the Town of Salisbury's position relative to the feasibility of Lot 7, Wyman Greely Street being unbuildable. The defendants misrepresented the findings relative to the Notice of Intent filed on July 15, 1999, misrepresented the Orders of Condition issued on January 9, 1999 and misrepresented the extended Orders of Condition.

28. As a result of the defendant's misrepresentation/unlawful conduct, the plaintiffs have suffered damages.

WHEREFORE, the plaintiffs pray that this Honorable Court find that:

1. Award damages for defendants' negligence as set forth above.

2. Award damages for defendants' misrepresentation as set forth above.

3. Award punitive damages to the plaintiffs.

4. Award attorney's fees, costs, interest and interest to the plaintiffs; and

5. Award other such relief as the Court deems just and proper.

4

Dated: 6-2-04

RESPECTFULLY SUBMITTED
FOR THE PLAINTIFFS
BY THEIR ATTORNEY

_____
Scott F. Gleason, Esquire
GLEASON LAW OFFICES, P.C.
163 Merrimack Street
Haverhill, MA 01830
(978) 521-4044
BBO# 195000

# GLEASON LAW OFFICES

A PROFESSIONAL CORPORATION
163 MERRIMACK STREET
HAVERHILL, MA 01830

SCOTT F. GLEASON
THOMAS J. GLEASON*
SEAN P. GLEASON
WILLIAM P. BOLAND
MELISSA J. LEWANDOWSKI

TELEPHONE (978) 521-4044
FAX (978) 521-3738

ROBERT J. WHITE*
Of Counsel

August 26, 2003

**EXHIBIT 1**

*CERTIFIED MAIL RETURN RECEIPT REQUESTED*

Neil Harrington, Town Manager
TOWN OF SALISBURY
5 Beach Road
Salisbury, MA 01950

*NOTICE OF CLAIM PER M.G.L. c. 258, Section 4*

Re: *Joseph and Pamela Sampson*

Dear Mr. Harrington:

This office represents Joseph and Pamela Sampson who reside at 8 Wyman Greely Street, Salisbury, Massachusetts.

In conformity with Massachusetts General Law, Chapter 258, Section 4, as amended or added by Chapter 512 of the Acts of 1978, please consider this a formal notice of a claim against the Town of Salisbury for injuries and damages due to the Town's negligence, nonfeasance and nuisance relative to allowing the construction of a house at 7 Wyman Greely Street, directly across from the Sampson's property.

The Town of Salisbury negligently and irresponsibly allowed the aforementioned construction despite previous recorded Town rulings which forever prevented the development of the lot at 7 Wyman Greely Street. Further, the Town of Salisbury allowed the construction despite notice of overwhelming civil environmental engineering, wetland and zoning evidence which raised serious safety and health concerns. These violations have severely damaged and impacted the Sampson's property affecting their quality of life.

Additionally, it has come to the Sampson's attention, that the owner and/or contractor intends to significantly damage their property by removing numerous trees in a buffer zone in an attempt to extend the paved street/driveway. This has not been approved by the Town or any other State Agency as this involves a substantial encroachment on the wetlands. The Sampsons formally oppose such an egregious action and insist that all zoning, environmental and procedural protocol be strictly adhered to by the Town of Salisbury, the contractor, the owner and any

*ADMITTED TO PRACTICE IN MASSACHUSETTS AND NEW HAMPSHIRE

relative State Agency. The Sampsons insist they be formally notified of any permitting requirement or public hearing relative to the above.

As such, on behalf of Joseph and Pamela Sampson a demand is hereby made in the amount of $1,000,000.00 for damages sustained. Demand is further made to *cease and desist* with the removal of any trees and the paving extension of the street/driveway.

Your earliest response would be appreciated.

Thank you.

Very truly yours,

Scott F. Gleason

SFG/cfw

cc: Donald Levesque, Department of Public Works
Lisa Pearson, Conservation Commission

04-1068

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-1068 E | Trial Court of Massachusetts Superior Court Department County: Essex |
|---|---|---|
| PLAINTIFF(S) Joseph and Pamela Sampson | | DEFENDANT(S) Town of Salisbury and Michael Bask in his capacity as Salisbury Town Manager and Ron Christ in his capacity as Salisbury Chairman of the Conservation Commission |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Scott F. Gleason, Esquire GLEASON LAW OFFICES, P.C. 163 Merrimack Stret Haverhill, MA 01830 Board of Bar Overseers number: 195000 | | ATTORNEY (if known) |

**Origin code and track designation**

Place an X in one box only:

1. F01 Original Complaint
2. F02 Removal to Sup.Ct.C.231,s.104 (Before trial)(F)
3. F03 Retransfer to Sup.Ct.C.231,s.102C (X)
4. F04 District Court Appeal c.231,s.97 & 104 (After trial) (X)
5. F05 Reactivated after rescript; relief from judgment/order (Mass.R.Civ.P. 60) (X)
6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 E99 | Other | ( F ) | ( X ) Yes    ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses.........................................$_____
   2. Total Doctor expenses...........................................$_____
   3. Total chiropractic expenses....................................$_____
   4. Total physical therapy expenses..............................$_____
   5. Total other expenses (describe)...............................$_____
   Subtotal $_____
B. Documented lost wages and compensation to date.........$_____
C. Documented property damages to date.........................$_____
D. Reasonably anticipated future medical and hospital expenses.........$_____
E. Reasonably anticipated lost wages................................$_____
F. Other documented items of damages
   $_____
G. Brief description of plaintiffs damages:
   This is a tort action where the plaintiff is seeking damages to his property, etc.
   which arose from defendants negligence and misrepresentation allowing a house
   to be built on an unbuildable lot.
   $_____
   TOTAL $1,000,000.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
_____
TOTAL $_____

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT:

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _____ DATE: 6-2-04

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 04-01068 B

Joseph Sampson and Pamela Sampson ...................., Plaintiff(s)

v.

TOWN OF SALISBURY, ET AL ...................., Defendant(s)

## SUMMONS

To the above named Defendant:   Town of Salisbury

You are hereby summoned and required to serve upon __GLEASON LAW OFFICES, P.C.__,

plaintiff's attorney, whose address is __163 Merrimack Street, Haverhill, MA  01830__, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

__Newburyport__ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the 8th
day of   June                , in the year of our Lord two thousand
and four

*[signature]*
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

**Essex County Sheriff's Department** • PO Box 2019 • Salem, MA 01970 • 978-750-1900 ext. 3590

*Essex, ss.*

June 16, 2004

I hereby certify and return that on 6/16/2004 at 11:21 am I served a true and attested copy of the summons, tracking order "F" track, civil action cover sheet, exhibit 1 and complaint in this action in the following manner: To wit, by delivering in hand to Joanne Clocke, Assistant Clerk, agent, person in charge at the time of service for Salisbury, Town of at Town Hall 5 Beach Road Salisbury, MA. Basic Service Fee ($30.00), Postage and Handling ($1.00), Copies ($5.00) Total Charges $36.00

Deputy Sheriff

Deputy Sheriff Paul Weiner

, 20

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION
No.

Plaintiff(s)

Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

ESSEX, ss.

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 04-01068 B

Joseph Sampson and Pamela Sampson ........................, Plaintiff(s)

v.

Town of Salisbury, et al ........................, Defendant(s)

## SUMMONS

To the above named Defendant: Michael Bask, in his capacity as Town Manager, Town of Salisbury

You are hereby summoned and required to serve upon _____ GLEASON LAW OFFICES, P.C. _____,

plaintiff's attorney, whose address is 163 Merrimack Street, Haverhill, MA 01830 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Newburyport _____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the 8th
day of June , in the year of our Lord two thousand
and four.

*Thomas H. Driscoll*
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

**Essex County Sheriff's Department** • PO Box 2019 • Salem, MA 01970 • 978-750-1900 ext. 3590

*Essex, ss.*

June 18, 2004

I hereby certify and return that on 6/16/2004 at 12:19 pm I served a true and attested copy of the summons, tracking order "F", track, exhibit #1, civil action sheet and complaint in this action in the following manner: To wit, by delivering in hand to Shauna King, Secretary, agent, person in charge at the time of service for Michael Basil, Town Manager, Town of Amesbury, Amesbury, MA 01953. Basic Service Fee ($30.00), Conveyance ($4.50), Travel ($5.20), Postage and Handling ($1.00), Copies ($5.00), Total Charges ($45.70)

Deputy Sheriff

_____ AND COPY SERVED ON DEFENDANT.

, 20

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT
CIVIL ACTION
No.

Plaintiff(s)
v.
Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

ESSEX, ss.

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                          NEWBURYPORT SUPERIOR COURT
                                                    DOCKET NO. 04-01068B

JOSEPH AND PAMELA SAMPSON,

    Plaintiffs

v.

TOWN OF SALISBURY and MICHAEL                       NOTICE OF APPEARANCE
BASK in his capacity as Salisbury Town
Manager and RON CHRIST, in his capacity as
Town of Salisbury Chairman of the
Conservation Commission,

    Defendants

TO THE CLERK OF THE ABOVE-NAMED COURT:

Please enter the appearance of the undersigned as counsel for all named defendants in the above-captioned matter.

                              DEFENDANTS,

                              By their attorneys,

                              George X. Pucci (BBO #555346)
                              Kopelman and Paige, P.C.
                                Town Counsel
                              31 St. James Avenue
                              Boston, MA 02116
                              (617) 556-0007

225355/SALI/0001

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on _____

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                    NEWBURYPORT SUPERIOR
                                              DOCKET NO.: 04-01068 B

| | |
|---|---|
| JOSEPH AND PAMELA SAMPSON, <br>     Plaintiffs <br><br> vs. <br><br> TOWN OF SALISBURY and MICHAEL BASK in his capacity as Salisbury Town Manager and RON CHRIST, in his capacity as Town of Salisbury Chairman of the Conservation Commission, <br>     Defendants. | |

## FIRST AMENDED COMPLAINT FOR DAMAGES
(Jury Trial Demanded)

### INTRODUCTION

This is an action brought by the plaintiffs for damages including all costs which arose from the defendants' violation of 42 U.S.C. Section 1983, violation of Part 1, Article 10 of the Massachusetts Declaration of Rights, Negligence and Misrepresentation.

### PARTIES

1. At all times herein mentioned, the plaintiff, Joseph Sampson, was an individual residing at 8 Wyman Greely Street, Salisbury, Essex County, Massachusetts.

2. At all times herein mentioned, the plaintiff, Pamela Sampson, was an individual residing at 8 Wyman Greely Street, Salisbury, Essex County, Massachusetts.

3. At all times herein mentioned, the defendant, Town of Salisbury ("Salisbury") was a municipality duly organized and existing under the laws of the Commonwealth of Massachusetts.

4. At all times herein mentioned, the defendant, Michael Bask, ("Bask") was a person employed by the Town of Salisbury and this claim is brought against him acting in the capacity as Town Manager.

1

5. At all times herein mentioned, the defendant, Ron Christ, ("Christ") was a person employed by the Town of Salisbury as Chairman of the Conservation Commission.

## FACTS

6. In 1998, the plaintiffs, herein referred to as the "Sampsons", decided to build a home for personal use and enjoyment and privacy in the Town of Salisbury, Massachusetts on the lot known as 8 Wyman Greely Street, Salisbury, Massachusetts, Book 14971, Page 005. The referenced lot was owned by the Sampsons.

7. The Sampsons filed for and obtained all necessary Salisbury building permits from both state and local agencies. The process required extensive interaction with Salisbury Town officials including environmental, conservation and State Army Corps of Engineers.

8. Wyman Greely Street is a dead end street that borders wetlands and a tidal salt marsh. The Sampson house was to be the last house before the wetlands and the tidal salt marsh on the right hand side of the street.

9. Before the Sampsons began construction on their house at 8 Wyman Greely Street, they wanted assurance from the Town of Salisbury that no further development would encroach upon their home, invade their privacy and interrupt their quiet enjoyment. The Sampsons insisted that the Town of Salisbury provide assurances.

10. In an effort to preserve their pristine view and quality of life, the Sampsons formally requested from the Town of Salisbury assurances that the lot directly across from theirs, Lot 7, on the left hand side of the street was unbuildable and therefore no house would ever be built. These assurances came from a Town of Salisbury opening meeting on August 19, 1998.

11. Specifically, these assurances came at the referenced public meeting from State Army Corps of Engineer, David Kadell, and Ron Christ, Chairman of Local Salisbury Conservation Commission that Lot number 7, across from the Sampsons, was indeed unbuildable.

12. The Sampsons relied upon these representations and assurances by the Town of Salisbury officials, et al, to their detriment.

13. On or about March, 1999, the Sampsons entertained the notion of purchasing Lot 7 to preserve their pristine view, increase the value of their property holdings and with the possibility of building a "small" house that would not encroach on their view or privacy or disrupt their quality of life. The purchase price for Lot 7 was $60,000.00. The Sampsons were again reassured by Town of Salisbury officials that the lot was unbuildable. Based on this information, the Sampsons decided not to pursue the purchase of Lot 7.

14. Subsequently, Lot 7 was purchased, not by the Sampsons but by a different party, George and Cheryl Andrews. The Sampsons were notified of the Andrews' intention to build a house on Lot 7 via a Notice of Intent dated July 15, 1999. This was troublesome to the Sampsons as they were not allowed to build a house on Lot 7 by the Town of Salisbury officials.

15. The Sampsons were obviously dismayed at the idea that Lot 7 had been purchased and were further upset that the new owners intended to build a house, due to the fact that the Sampsons had been repeatedly told that Lot 7 was unbuildable by the Town of Salisbury officials and therefore did not purchase Lot 7 for their own use and enjoyment.

16. On July 15, 1999, the Sampsons attended the Salisbury Town Notice of Intent Meeting. The Andrews presented detailed plans that included the lot location for a small scale house, which would be tucked away in the southwest corner of the property. The plans presented were specified to the house size, scale and location.

17. The building plans were reviewed by the Sampsons who reluctantly accepted the idea that Lot 7 would be developed with the construction of the small scale house. This was due to the fact that the plans specifically illustrated a small scale house. The Sampsons were convinced, based upon the presented plans that their privacy, view and quality of life would not be compromised and therefore did not object as the house was to be located on the southwest corner of the lot.

18. Construction commenced on the house on Lot 7. However, the house was not located in the southeast corner of the lot as had been specifically detailed at the July 15, 1999 Notice of Intent Meeting. Furthermore, the house was not remotely close in size or design to the one that had been portrayed at the Notice of Intent Meeting on July 15, 1999. The house that was being constructed was substantially larger in scale and encroached upon the Sampsons property and, *inter alia*, destroyed their pristine view, has significantly compromised their quality of life and has caused substantial property damage.

19. The Sampsons were never formally notified of any house placement change or size structure change from the building plans presented at the Notice of Intent Meeting on July 15, 1999.

20. The Town of Salisbury issued orders of conditions for the building on Lot 7 on September 1, 1999 and extended the orders of conditions until September 1, 2005 without explanation or notice the Sampsons or other abutters.

21. On August 26, 2003 the Sampsons sent by certified mail, a Notice of Claim pursuant to M.G.L. Chapter 258, section 4 to the Salisbury Town Manager, et al, demanding, among other things, that the Sampsons be formally notified of any permitting requirement or hearing relative to Lot 7. See Exhibit 1.

22. The Town of Salisbury has not responded to the Sampsons' Notice of Claim Letter (Chapter 258, section 4).

### COUNT ONE AGAINST ALL DEFENDANTS

23. The plaintiffs repeat and reallege the allegations contained in paragraph 1 through above as though fully set forth herein.

24. The claim alleged herein is brought pursuant to 42 U.S.C. Section 1983.

25. The conduct of the defendants amounts to a deliberate violation of the plaintiffs' right to equal protection of the law pursuant to the Fourteenth Amendment of the United States Constitution.

### COUNT TWO AGAINST ALL DEFENDANTS

26. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 25 above as though fully set forth herein.

27. The conduct of the defendants amounts to deliberate violation of the plaintiffs' right to equal protection of law pursuant to Part 1, Article 10 of the Massachusetts Declaration of Rights.

### COUNT THREE AGAINST ALL DEFENDANTS

28. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 27 above as though fully set forth herein.

29. Defendants acted negligently by allowing the construction of a house on Lot 7, Wyman Greeley Street, Salisbury, Massachusetts, despite notice that Lot 7 was unbuidable and despite overwhelming civil, environmental, engineering wetland and zoning evidence which raised serious safety and health concerns, having approved a different style, size and location of said house at a Notice of Intent meeting filed on January 15, 1999 which the plaintiffs did not object to. The defendants are further negligent by issuing a permit based on changed conditions without proper notification to the plaintiffs who are direct abutters.

WHEREFORE, the plaintiffs pray that this Honorable Court find that:

1. That the Court interpret and construe federal and state law and make a binding declaration of the parties' rights, duties, liabilities and obligations as it respects the plaintiffs' constitutional and statutory rights.

4

2.  Award damages for defendants' negligence as set forth above.

3.  Award damages for defendants' misrepresentation as set forth above.

4.  Award punitive damages to the plaintiffs.

5.  Award attorney's fees, costs, interest and interest to the plaintiffs; and

6.  Award other such relief as the Court deems just and proper.

Dated: 9/24/04

RESPECTFULLY SUBMITTED
FOR THE PLAINTIFFS
BY THEIR ATTORNEY

Scott F. Gleason, Esquire
GLEASON LAW OFFICES, P.C.
163 Merrimack Street
Haverhill, MA 01830
(978) 521-4044
BBO# 195000

5