6

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

NEWBURYPORT SUPERIOR COURT
DOCKET NO. 04-01068B

JOSEPH AND PAMELA SAMPSON,

Plaintiffs

v.

TOWN OF SALISBURY and MICHAEL BASK in his capacity as Salisbury Town Manager and RON CHRIST, in his capacity as Town of Salisbury Chairman of the Conservation Commission,

Defendants

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT MASS.R.CIV.P. 12(b)(6)

The defendants, Town of Salisbury, Michael Bask, in his capacity as Salisbury Town Manager, and Ron Christ, in his capacity as Chairman of the Salisbury Conservation Commission, move, pursuant to Mass.R.Civ.P. 12(b)(6), to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted. As grounds for this motion, the defendants state that the plaintiffs' purported tort claims against them are specifically barred under the applicable provisions of the Massachusetts Tort Claims Act, G.L. c. 258, §1 et seq. The grounds for this motion are more fully set forth in the defendants' Memorandum in Support of Motion to Dismiss which is filed herewith and incorporated by reference.

WHEREFORE, the defendants respectfully move for entry of judgment dismissing the plaintiffs' Complaint.

DEFENDANTS,

By their attorneys,

George X. Pucci (BBO #555346)
Kopelman and Paige, P.C.
Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

225650/SALI/0001

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 7/9/04

facsimile and

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

NEWBURYPORT SUPERIOR COURT
DOCKET NO. 04-01068B

JOSEPH AND PAMELA SAMPSON,

Plaintiffs

v.

TOWN OF SALISBURY and MICHAEL BASK in his capacity as Salisbury Town Manager and RON CHRIST, in his capacity as Town of Salisbury Chairman of the Conservation Commission,

Defendants

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

The defendants, Town of Salisbury (the "Town"), Michael Bask, in his capacity as Salisbury Town Manager (the "Town Manager"), and Ron Christ, in his capacity as Chairman of the Salisbury Conservation Commission (the "Commission Chairman"), submit this memorandum in support of their Motion to Dismiss Plaintiffs' Complaint Pursuant to Mass.R.Civ.P. 12(b)(6).

This is a "tort action for damages" arising from the land use permitting process relating to a vacant lot located across the street from the plaintiffs' residence at 8 Wyman Greely Street, Salisbury, MA. See Complaint, unnumbered paragraph identified "Introduction," and numbered paragraphs 6-7, 10. Specifically, the plaintiffs claim that the Town is liable in tort because it "negligently" allowed construction of a house on the vacant lot across the street from their property "despite notice" that the lot was "unbuildable," and "despite overwhelming civil, environmental, engineering, wetland and zoning evidence which raised serious safety and health

concerns." Complaint, Count I, paragraph 24. The plaintiffs also claim that the Town is liable in tort because it "misrepresented" findings on a Notice of Intent which the owner of the vacant lot filed pursuant to the Massachusetts Wetlands Protection Act, and that the Town also "misrepresented" an Order of Conditions issued under the Wetlands Protection Act permitting construction on the lot. Complaint, Count II, paragraph 27.

ARGUMENT

A complaint must be dismissed under Mass.R.Civ.P. 12(b)(6) if it establishes, based upon the facts alleged, that the plaintiffs have failed to state a cause of action which the law recognizes. Municipal Lighting Co. of Ashburnham v. Commonwealth, 34 Mass.App.Ct. 162, 166 (1993). The effect of a motion to dismiss is to challenge the legal sufficiency of the complaint. Canavan's Case, 423 Mass. 304, 309 (2000); Smith v. Massimiano, 414 Mass. 81, 85 (1993). In ruling on a motion to dismiss, the allegations of the complaint must be taken as true. Kirkland Construction Co. v. James, 39 Mass.App.Ct. 559, 560 (1995). If, however, among the facts alleged, there are no facts which flush out the particular facts necessary to state a claim upon which relief can be granted, the Court should infer that such facts do not exist and dismiss the complaint. Smith v. Caggiano, 12 Mass.App.Ct. 41, 44 (1981).

The plaintiffs' tort action against the Town, the Town Manager, and the Commission Chairman, is governed exclusively by the provisions of the Massachusetts Tort Claims Act, G.L. c. 258, §1, et seq. See G.L. c 258, §2.

Section 10(e) of the Tort Claims Act bars: "any claim based upon the issuance [of] any permit, license, certificate, approval, order or similar authorization." See G.L. c. 258, §10(e). Plaintiffs' Count I, which seeks recovery in tort for the Town's permitting decision allowing

construction on the vacant lot across from the plaintiffs' property, falls squarely within the definition of Section 10(e) immunity and is thus barred.[1]

Section 10(c) of the Tort Claims Act bars "any claim arising out of an intentional tort, including...misrepresentation..." Thus, plaintiffs' Count II, seeking recovery for "misrepresentation," must be dismissed as expressly barred under the statute.[2]

Therefore, for the foregoing reasons, the plaintiffs have not stated a viable tort claim in this case and their Complaint must be dismissed for failure to state a claim upon which relief can be granted.

DEFENDANTS,

By their attorneys,

George X. Pucci (BBO #555346)
Kopelman and Paige, P.C.
Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 11/9/04 [handwritten: facsimile and]

225659/SALI/0001

[1] Additionally, if plaintiffs were aggrieved by the Conservation Commission's issuance of an Order of Conditions permitting construction on the lot under the State Wetlands Protection Act, they had an administrative remedy of appeal to the State Department of Environmental Protection. See G.L. c. 131, §40. Thus, Count I should should also be dismissed for failure to exhaust administrative remedies.

[2] Although Section 10(c) immunity for intentional torts such as misrepresentation bars the claim only as against the Town itself, the Complaint must also be dismissed as to the Town Manager and Commission Chairman because there is no allegation that they made any "misrepresentation" to the plaintiff outside the scope of their office or employment with the Town. Thus, the misrepresentation claim against the individually named defendants in their official capacity is barred by G.L. c. 258, §2 (under which public employees are immune from any wrongful conduct within the scope of their office or employment).

EXHIBIT
tabbies
1

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

NEWBURYPORT SUPERIOR
DOCKET NO.: 04-01068 B

JOSEPH AND PAMELA SAMPSON,
Plaintiffs

vs.

TOWN OF SALISBURY and MICHAEL BASK in his capacity as Salisbury Town Manager and RON CHRIST, in his capacity as Town of Salisbury Chairman of the Conservation Commission,
Defendants.

**FIRST AMENDED COMPLAINT FOR DAMAGES**
(Jury Trial Demanded)

INTRODUCTION

This is an action brought by the plaintiffs for damages including all costs which arose from the defendants' violation of 42 U.S.C. Section 1983, violation of Part 1, Article 10 of the Massachusetts Declaration of Rights, Negligence and Misrepresentation.

PARTIES

1. At all times herein mentioned, the plaintiff, Joseph Sampson, was an individual residing at 8 Wyman Greely Street, Salisbury, Essex County, Massachusetts.

2. At all times herein mentioned, the plaintiff, Pamela Sampson, was an individual residing at 8 Wyman Greely Street, Salisbury, Essex County, Massachusetts.

3. At all times herein mentioned, the defendant, Town of Salisbury ("Salisbury") was a municipality duly organized and existing under the laws of the Commonwealth of Massachusetts.

4. At all times herein mentioned, the defendant, Michael Bask, ("Bask") was a person employed by the Town of Salisbury and this claim is brought against him acting in the capacity as Town Manager.

5. At all times herein mentioned, the defendant, Ron Christ, ("Christ") was a person employed by the Town of Salisbury as Chairman of the Conservation Commission.

## FACTS

6. In 1998, the plaintiffs, herein referred to as the "Sampsons", decided to build a home for personal use and enjoyment and privacy in the Town of Salisbury, Massachusetts on the lot known as 8 Wyman Greely Street, Salisbury, Massachusetts, Book 14971, Page 005. The referenced lot was owned by the Sampsons.

7. The Sampsons filed for and obtained all necessary Salisbury building permits from both state and local agencies. The process required extensive interaction with Salisbury Town officials including environmental, conservation and State Army Corps of Engineers.

8. Wyman Greely Street is a dead end street that borders wetlands and a tidal salt marsh. The Sampson house was to be the last house before the wetlands and the tidal salt marsh on the right hand side of the street.

9. Before the Sampsons began construction on their house at 8 Wyman Greely Street, they wanted assurance from the Town of Salisbury that no further development would encroach upon their home, invade their privacy and interrupt their quiet enjoyment. The Sampsons insisted that the Town of Salisbury provide assurances.

10. In an effort to preserve their pristine view and quality of life, the Sampsons formally requested from the Town of Salisbury assurances that the lot directly across from theirs, Lot 7, on the left hand side of the street was unbuildable and therefore no house would ever be built. These assurances came from a Town of Salisbury opening meeting on August 19, 1998.

11. Specifically, these assurances came at the referenced public meeting from State Army Corps of Engineer, David Kadell, and Ron Christ, Chairman of Local Salisbury Conservation Commission that Lot number 7, across from the Sampsons, was indeed unbuildable.

12. The Sampsons relied upon these representations and assurances by the Town of Salisbury officials, et al, to their detriment.

13. On or about March, 1999, the Sampsons entertained the notion of purchasing Lot 7 to preserve their pristine view, increase the value of their property holdings and with the possibility of building a "small" house that would not encroach on their view or privacy or disrupt their quality of life. The purchase price for Lot 7 was $60,000.00. The Sampsons were again reassured by Town of Salisbury officials that the lot was unbuildable. Based on this information, the Sampsons decided not to pursue the purchase of Lot 7.

14. Subsequently, Lot 7 was purchased, not by the Sampsons but by a different party, George and Cheryl Andrews. The Sampsons were notified of the Andrews' intention to build a house on Lot 7 via a Notice of Intent dated July 15, 1999. This was troublesome to the Sampsons as they were not allowed to build a house on Lot 7 by the Town of Salisbury officials.

15. The Sampsons were obviously dismayed at the idea that Lot 7 had been purchased and were further upset that the new owners intended to build a house, due to the fact that the Sampsons had been repeatedly told that Lot 7 was unbuildable by the Town of Salisbury officials and therefore did not purchase Lot 7 for their own use and enjoyment.

16. On July 15, 1999, the Sampsons attended the Salisbury Town Notice of Intent Meeting. The Andrews presented detailed plans that included the lot location for a small scale house, which would be tucked away in the southwest corner of the property. The plans presented were specified to the house size, scale and location.

17. The building plans were reviewed by the Sampsons who reluctantly accepted the idea that Lot 7 would be developed with the construction of the small scale house. This was due to the fact that the plans specifically illustrated a small scale house. The Sampsons were convinced, based upon the presented plans that their privacy, view and quality of life would not be compromised and therefore did not object as the house was to be located on the southwest corner of the lot.

18. Construction commenced on the house on Lot 7. However, the house was not located in the southeast corner of the lot as had been specifically detailed at the July 15, 1999 Notice of Intent Meeting. Furthermore, the house was not remotely close in size or design to the one that had been portrayed at the Notice of Intent Meeting on July 15, 1999. The house that was being constructed was substantially larger in scale and encroached upon the Sampsons property and, *inter alia*, destroyed their pristine view, has significantly compromised their quality of life and has caused substantial property damage.

19. The Sampsons were never formally notified of any house placement change or size structure change from the building plans presented at the Notice of Intent Meeting on July 15, 1999.

20. The Town of Salisbury issued orders of conditions for the building on Lot 7 on September 1, 1999 and extended the orders of conditions until September 1, 2005 without explanation or notice the Sampsons or other abutters.

21. On August 26, 2003 the Sampsons sent by certified mail, a Notice of Claim pursuant to M.G.L. Chapter 258, section 4 to the Salisbury Town Manager, et al, demanding, among other things, that the Sampsons be formally notified of any permitting requirement or hearing relative to Lot 7. See Exhibit 1.

22. The Town of Salisbury has not responded to the Sampsons' Notice of Claim Letter (Chapter 258, section 4).

## COUNT ONE AGAINST ALL DEFENDANTS

23. The plaintiffs repeat and reallege the allegations contained in paragraph 1 through above as though fully set forth herein.

24. The claim alleged herein is brought pursuant to 42 U.S.C. Section 1983.

25. The conduct of the defendants amounts to a deliberate violation of the plaintiffs' right to equal protection of the law pursuant to the Fourteenth Amendment of the United States Constitution.

## COUNT TWO AGAINST ALL DEFENDANTS

26. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 25 above as though fully set forth herein.

27. The conduct of the defendants amounts to deliberate violation of the plaintiffs' right to equal protection of law pursuant to Part 1, Article 10 of the Massachusetts Declaration of Rights.

## COUNT THREE AGAINST ALL DEFENDANTS

28. The plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 27 above as though fully set forth herein.

29. Defendants acted negligently by allowing the construction of a house on Lot 7, Wyman Greeley Street, Salisbury, Massachusetts, despite notice that Lot 7 was unbuidable and despite overwhelming civil, environmental, engineering wetland and zoning evidence which raised serious safety and health concerns, having approved a different style, size and location of said house at a Notice of Intent meeting filed on January 15, 1999 which the plaintiffs did not object to. The defendants are further negligent by issuing a permit based on changed conditions without proper notification to the plaintiffs who are direct abutters.

WHEREFORE, the plaintiffs pray that this Honorable Court find that:

1. That the Court interpret and construe federal and state law and make a binding declaration of the parties' rights, duties, liabilities and obligations as it respects the plaintiffs' constitutional and statutory rights.

2. Award damages for defendants' negligence as set forth above.

3. Award damages for defendants' misrepresentation as set forth above.

4. Award punitive damages to the plaintiffs.

5. Award attorney's fees, costs, interest and interest to the plaintiffs; and

6. Award other such relief as the Court deems just and proper.

Dated: 9/24/04

RESPECTFULLY SUBMITTED
FOR THE PLAINTIFFS
BY THEIR ATTORNEY

Scott F. Gleason, Esquire
GLEASON LAW OFFICES, P.C.
163 Merrimack Street
Haverhill, MA 01830
(978) 521-4044
BBO# 195000

6B

COMMONWEALTH OF MASSACHUSETTS

ESSEX. SS.

NEWBURYPORT SUPERIOR
DOCKET NO.: 04-01068 B

JOSEPH AND PAMELA SAMPSON,
Plaintiffs

vs.

TOWN OF SALISBURY and MICHAEL BASK in his capacity as Salisbury Town Manager and RON CHRIST, in his capacity as Town of Salisbury Chairman of the Conservation Commission,
Defendants.

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION DISMISS**

NOW COME the plaintiffs in the above-entitled matter and hereby file this opposition to the Defendants' Motion To Dismiss Plaintiffs' Complaint.

The plaintiffs have filed a First Amended Complaint enclosed as Exhibit 1 pursuant to Mass. R.Civ. P. Rule 15, the plaintiffs are amending their original complaint.

The *Defendants' Motion To Dismiss* is not a "pleading" within the meaning of Rule 15 and therefore the plaintiffs may amend their complaint even though the defendants have moved to dismiss under Mass. R. Civ. P. 12 (b)(6). McDonald v. Hall 579, F.2d 120, 121 (1st Cir. 1978).

"Most federal courts which have considered the matter have held that a motion is not a pleading within the meaning of Rule 15(a). Thus a mere *filing* of a motion to dismiss does not prevent the plaintiff from amending his complaint as a matter of right". Mass.R.Civ. P. 15, Reporter's Notes 1973, quoting Keene Lumber Co. v. Leventh AC 166 F.2d 815 (1st Cir. 1948). "Under the interpretation of Federal Rule 15(a) in *Keene* Lumber, supra, the plaintiff has the *right* to one Amendment without leave of the Court even though the defendants have filed a motion to dismiss the complaint".

Thus allowing the plaintiffs, in this case, to amend their complaint will also allow them to maintain causes of action for which their declarations were intended. Further the defendants will not be prejudiced by the filing of the plaintiffs' amended complaint as the cause of action is in the initial stages of litigation.

Wherefore, the plaintiffs respectfully request this Honorable Court deny the Defendants' Motion To Dismiss Plaintiffs' Complaint.

Dated: September 24, 2004

RESPECTFULLY SUBMITTED
FOR THE PLAINTIFFS
BY THEIR ATTORNEY

Scott F. Gleason, Esquire
GLEASON LAW OFFICES, P.C.
163 Merrimack Street
Haverhill, MA 01830
(978) 521-4044
BBO# 195000

CERTIFICATE OF SERVICE

I, Scott F. Gleason, Esquire do hereby certify that I have this 24th day of September, 2004 faxed and mailed a copy of the within document, postage prepaid to: George X. Pucci, Esquire, KOPELMAN AND PAIGE, P.C., 31 St. James Avenue, Boston, MA 02116.

Scott F. Gleason, Esquire

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
C.A. No.04-01068B

JOSEPH SAMPSON, and PAMELA SAMPSON,

Plaintiff

v.

TOWN OF SALISBURY and MICHAEL BASK in his capacity as Salisbury Town Manager and RON CHRIST, in his capacity as Town of Salisbury Chairman of the Conservation Commission,

Defendants

WRITTEN NOTICE OF REMOVAL TO FEDERAL COURT
PURSUANT TO 28 U.S.C. § 1446(d)

TO: Joseph and Pamela Sampson
Through their attorney,
Scott F. Gleason, Esq.
Gleason Law Offices, P.C.
163 Merrimack Street
Haverhill, MA 01830

AND: Clerk, Civil
Essex Superior Court Courthouse
High Street
P.O. Box 1573
Newburyport, MA 01950

Please take notice that a Notice of Removal of the above-captioned action from the Superior Court of the Commonwealth of Massachusetts, Essex County, to the United States District Court for the District of Massachusetts (a copy of which Notice of

Removal is annexed hereto) was duly filed in the United States District Court for the District of Massachusetts.

Please take further notice that this Notice and a copy of the Notice of Removal, certified by the United States District Court for the District of Massachusetts, has been duly filed with the Clerk of the Superior Court of the Commonwealth of Massachusetts, Essex County, which filing removes this action and, in accordance with 28 U.S.C. § 1446(d), the Superior Court shall proceed no further herein unless and until this case is remanded by the United States District Court.

DEFENDANTS,
By their attorney,

George X. Pucci (BBO#555346)
Kopelman and Paige, P.C.
Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

234463/SALI//0001

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 10/22/04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



C.A. No.

| JOSEPH SAMPSON, and PAMELA SAMPSON,<br><br>Plaintiff<br><br>v.<br><br>TOWN OF SALISBURY and MICHAEL BASK in his capacity as Salisbury Town Manager and RON CHRIST, in his capacity as Town of Salisbury Chairman of the Conservation Commission,<br><br>Defendants | NOTICE OF REMOVAL |
|---|---|



TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Now come the defendants pursuant to the provisions of 28 U.S.C. §§1441 and 1446, and hereby file notice of the removal of this action from the Superior Court of the Commonwealth of Massachusetts, County of Essex, where it is currently pending, based upon the following grounds:

1. This is an action in which the plaintiffs allege in their Amended Complaint violations of their civil rights under the Fourteenth Amendments to the U.S. Constitution. The plaintiff seeks relief presumably pursuant to 42 U.S.C. §1983. See Amended Complaint, ¶¶ 23-25, attached to Plaintiffs' Opposition to Defendants' Motion to Dismiss, affixed hereto and incorporated by reference. The plaintiff also asserts state claims alleging interference with the enjoyment and exercise of his rights protected under the Massachusetts Constitution; and a claim

of negligence in approving the construction of a house and issuing a permit based on changed conditions without proper notification to the abutters. See Amended Complaint, ¶¶ 26-29, affixed hereto and incorporated by reference.

2. This Court has jurisdiction over the plaintiffs' constitutional claims pursuant to 28 U.S.C. §1441.

3. This Removal is timely, as the Amended Complaint was served upon the defendants on September 24, 2004.

4. All defendants have consented to the removal of the matter to the United States District Court for the District of Massachusetts.

SIGNED PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

DEFENDANTS,

By their attorney,

George X. Pucci (BBO#555346)
Kopelman and Paige, P.C.
Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

234461/SALI/0001

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 10/2?/04

JS 44 (Rev. 2/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Joseph Sampson and Pamela Sampson

**DEFENDANTS**

Town of Salisbury and Michael Bask in his capacity as Salisbury Town Manager and Ron Christ, in his capacity as Chairman of Salisbury Conservation Commission

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Essex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Scott F. Gleason (978) 521-4044
Gleason Law Offices
163 Merrimack Street
Haverhill, MA 01830

ATTORNEYS (IF KNOWN)
George X. Pucci (617) 556-0007
Kopelman And Paige, P.C.
31 St. James Avenue
Boston, MA 02116-4102

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

HABEAS CORPUS:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS — Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Plaintiff claims defendant violated their right to equal protection of law under Fourteenth Amendment of U.S. Constitution with regard to their real estate in Salisbury and seek damages under 42 U.S.C. § 1983

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions): **IF ANY** JUDGE ____________ DOCKET NUMBER ____________

DATE 10/21/04

SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Sampson v. Salisbury

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

| | | | |
|---|---|---|---|
| ___ | I. | 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT. | |
| X | II. | 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. | *Also complete AO 120 or AO 121 for patent, trademark or copyright cases |
| ___ | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. | |
| ___ | IV. | 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. | |
| ___ | V. | 150, 152, 153. | |

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

YES NO (circled)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

YES NO (circled)

IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

YES NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

YES NO (circled)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

YES (circled) NO

A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

EASTERN DIVISION (circled) CENTRAL DIVISION WESTERN DIVISION

B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

EASTERN DIVISION CENTRAL DIVISION WESTERN DIVISION

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME George X. Pucci

ADDRESS Kopelman and Paige, P.C. 31 St. James Avenue, Boston, MA

TELEPHONE NO. (617) 556-0007