UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-12214-JLT

JOSEPH AND PAMELA SAMPSON,

      Plaintiffs

v.

TOWN OF SALISBURY and MICHAEL
BASK in his capacity as Salisbury Town
Manager and RON CHRIST, in his capacity as
Town of Salisbury Chairman of the
Conservation Commission,

      Defendants

DEFENDANTS' ANSWER TO
COUNTS I AND II OF PLAINTIFFS'
FIRST AMENDED COMPLAINT

The defendants, Town of Salisbury, Michael Bask, in his capacity as Salisbury Town

Manager, and Ron Christ, in his capacity as Town of Salisbury Chairman of the Conservation

Commission (collectively, the "Town"), hereby answer the correspondingly numbered

paragraphs of plaintiffs' First Amended Complaint as follows:

INTRODUCTION

The allegations contained in the introductory paragraph to the First Amended Complaint

are denied.

PARTIES

1.     The Town is without knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 1.

2.     The Town is without knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 2.

3.     Admitted.

4.     Denied.

5.      Denied.

FACTS

6.      The Town is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7.      Denied.

8.      Admitted as to the first sentence and denied as to the second sentence of Paragraph 8.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     The Town is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 13, and denies the allegations contained in the third and fourth sentences of paragraph 13.

14.     The Town denies that plaintiffs were not allowed to build a house on Lot 7 by the Town, and further states that plaintiffs never formally requested or applied to build a house on Lot 7.  The Town is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14.

15.     The Town denies that the plaintiffs were repeatedly told that Lot 7 was unbuildable by Town officials.  The Town is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15.

16.    Denied.

17.    The Town is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18.    The Town admits the allegations contained in the first sentence of paragraph 18. The Town denies the remaining allegations contained in paragraph 18.

19.    Denied.

20.    Denied.

21.    Admitted that the referenced letter was sent, but denied as to the validity of the claim letter.

22.    Admitted, but denied that a response is required.

<u>COUNT ONE AGAINST ALL DEFENDANTS</u>

23.    The Town repeats the responses contained in paragraph 1 through 22 as though fully set forth herein.

24.    Paragraph 24 states legal conclusions to which no response is required.  To the extent a response is required, the allegation is denied.

25.    Denied.

<u>COUNT TWO AGAINST ALL DEFENDANTS</u>

26.    The Town repeats the responses contained in paragraph 1 through 25 as though fully set forth herein.

27.    Denied.  Further, the Town denies that Article 10 of the Massachusetts Declaration of Rights, Part 1, protects plaintiffs' right to equal protection of the law.

## COUNT THREE AGAINST ALL DEFENDANTS

The averments of Count III are the subject of Defendants' Motion to Dismiss Count III, which was filed on April 29, 2005.  Therefore, no answer is required to the averments of Count III.

## DEFENSES

### FIRST DEFENSE

This action is barred by failure to comply with the applicable statute of limitations.

### SECOND DEFENSE

Plaintiffs are barred from recovery for failure to exhaust administrative remedies.

### THIRD DEFENSE

If plaintiffs were injured as alleged, said injuries were caused by the acts of an independent third party for whose conduct the defendants are not responsible.

### FOURTH DEFENSE

Plaintiffs waived any right to recovery by virtue of their own conduct.

### FIFTH DEFENSE

Plaintiffs' equal protection claim should be dismissed because they cannot establish that the defendants treated any similarly situated individual(s) differently from them, based on impermissible considerations.

### SIXTH DEFENSE

Plaintiffs' equal protection claim should be dismissed because they cannot establish that the defendants' actions were irrational.

### SEVENTH DEFENSE

Count Two fails to state a claim upon which relief can be granted because it misstates applicable law.

<u>EIGHTH DEFENSE</u>

The Complaint fails to state a claim upon which relief can be granted against the Town of Salisbury in that it states no official policy of the alleged wrongdoing, or of any pattern of wrongful behavior of which the Town was or should have been aware.

<u>NINTH DEFENSE</u>

The Town denies all wrongful conduct, and states that at all relevant times its employees and officials were public employees and officials acting within the scope of their employment with good faith and in the reasonable belief that their actions were lawful.

<u>TENTH DEFENSE</u>

This action is frivolous, wholly unsubstantial and not advanced in good faith, entitling the defendants to the recovery of all costs, expenses and attorneys' fees associated with the defense of this case.

THE DEFENDANTS DEMAND TRIAL BY JURY.

DEFENDANTS,

By their attorneys,

/s/ George X. Pucci
George X. Pucci (BBO# 555346)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
 Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

250685/SALI/0106