UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-12214-JLT

JOSEPH AND PAMELA SAMPSON,

    Plaintiffs

v.

TOWN OF SALISBURY and MICHAEL BASK in his capacity as Salisbury Town Manager and RON CHRIST, in his capacity as Town of Salisbury Chairman of the Conservation Commission,

    Defendants

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR MODIFICATION

    Now come the defendants, Town of Salisbury, Michael Bask, in his capacity as Salisbury Town Manager, and Ron Christ, in his capacity as Chairman of the Salisbury Conservation Commission (collectively, the "Town") and hereby oppose plaintiff's Motion for Modification of the Court's July 5, 2005 Order. As grounds therefor, the Town states as follows:

    1.    In this action, plaintiffs allege Equal Protection violations arising from the Town's issuance of a permit to a third party to develop property located across the street from plaintiffs' home.

    2.    At a Scheduling Conference held on July 5, 2005, the Court ordered that plaintiffs inform Town Counsel and the Court whether plaintiffs would oppose a Motion for Summary Judgment by August 19, 2005 (the "Order"). The Court further ordered that, if plaintiffs did notice such opposition, the Town was to file a Motion for Summary Judgment by September 2, 2005.

3.  Plaintiffs now request, several weeks after the August 19, 2005 deadline imposed by the Court, that the Order be extended to allow plaintiffs to notice their opposition to Summary Judgment late.

4.  Plaintiffs' request should be denied, because plaintiffs provide no good cause why they failed to comply with the Order, nor why they waited several weeks to request relief from the Order.

5.  Plaintiffs' request should also be denied because their underlying claim is meritless.  Plaintiffs claim that their Equal Protection rights were violated when a Town official allegedly told them that the subject property was "unbuildable," but then the Conservation Commission issued a third party a permit to develop the property.  This claim is meritless because, among other reasons, plaintiffs cannot establish that they were treated differently from others similarly situated, without any rational basis for the disparate treatment.  Village of Willowbrook v. Olech, 528 U.S. 562, 563-64, 120 S.Ct. 1073 (2000).  Moreover, plaintiffs cannot establish that any duly authorized agent of the Town ever informed them that the property was "unbuildable."

WHEREFORE, the defendants request that this Court deny plaintiffs' Motion for Modification of the July 5, 2005 Order to allow plaintiffs to notice their opposition to summary judgment.

    DEFENDANTS,

    By their attorneys,

    /s/Jackie Cowin
    George X. Pucci (BBO #555346)
    Jackie Cowin (BBO# 655880)
    Kopelman and Paige, P.C.
    Town Counsel
    31 St. James Avenue
    Boston, MA  02116
    (617) 556-0007

261315/SALI/0106