UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-12214-JLT

JOSEPH AND PAMELA SAMPSON,

    Plaintiffs

v.

TOWN OF SALISBURY and MICHAEL BASK in his capacity as Salisbury Town Manager and RON CHRIST, in his capacity as Town of Salisbury Chairman of the Conservation Commission,

    Defendants

DEFENDANTS' L.R. 56.1 STATEMENT OF MATERIAL FACTS OF RECORD AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED

1. Plaintiffs Joseph and Pamela Sampson own and reside at property located at 8 Wyman Greeley Street in the Town of Salisbury. Complaint, ¶6.

2. At the time the Sampsons built their home at 8 Wyman Greeley Street, the lot located across the street at 7 Wyman Greeley Street ("Lot 7") was vacant. Complaint, ¶10.

3. Lot 7 borders wetlands, and thus any activity on the property falls under the jurisdiction of the Town's Conservation Commission, pursuant to the Massachusetts Wetlands Protection Act, G.L. c.131, §40.

4. The Sampsons allege that, at various times in 1998 and 1999, they requested and received "assurances" from Town officials that Lot 7 was "unbuildable," due to its proximity to wetlands. Complaint, ¶10, 11, 13.

5. The Sampsons have never filed either a "Notice of Intent" or "Request for Determination of Applicability" with respect to Lot 7, as provided for in the Massachusetts Wetlands Protection Act, G.L. c.131, §40. Affidavit of Conservation Commission Agent Lisa Pearson ("Exhibit A").

6. In July, 1999, George and Cheryl Andrews (the "Andrews") bought Lot 7 and filed a Notice of Intent with the Conservation Commission, seeking approval of construction of a home on the property. <u>Complaint</u>, ¶14.

7. A public hearing was held concerning the Andrews' Notice of Intent. <u>Complaint</u>, ¶16. The Sampsons attended the hearing and did not object to construction of the Andrews' house. <u>Complaint</u>, ¶17.

8. On September 1, 1999, the Conservation Commission issued the Andrews an "Order of Conditions" allowing a house to be built on Lot 7. <u>Complaint</u>, ¶20.

9. The Sampsons did not appeal the issuance of the Order of Conditions to the Department of Environmental Protection, as was their right under G.L. c.131, §40, ¶30, or challenge the Order of Conditions in Superior Court, as was their right under the Certiorari Statute, G.L. c.249, §4. Nor have the Sampsons requested enforcement action with respect to Lot 7, pursuant to G.L. c.131, §40, ¶30.

10. The plaintiffs filed the instant Complaint, alleging civil rights violations, in Essex County Superior Court on June 3, 2004. <u>Docket from Case No. ESCV2004-01068</u> ("Exhibit B"). Thereafter, the defendants removed the Complaint to this Court.

11. The Town's policymaker is its Board of Selectmen. <u>Town of Salisbury Charter</u>, Section 3-2 ("Exhibit C").

> DEFENDANTS
> By their attorneys,
>
> /s/Jackie Cowin
> George X. Pucci (BBO #555346)
> Jackie Cowin (BBO# 655880)
> Kopelman and Paige, P.C.
>  Town Counsel
> 31 St. James Avenue
> Boston, MA  02116
> (617) 556-0007

262900/SALI/0106