UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-12214-JLT

JOSEPH AND PAMELA SAMPSON,

Plaintiffs

v.

TOWN OF SALISBURY and MICHAEL BASK in his capacity as Salisbury Town Manager and RON CHRIST, in his capacity as Town of Salisbury Chairman of the Conservation Commission,

Defendants

AFFIDAVIT OF CONSERVATION COMMISSION AGENT LISA PEARSON

I, LISA PEARSON, do hereby depose and state as follows:

1. I am the Agent for the Town of Salisbury Conservation Commission and served in that capacity at all times relevant to the above Complaint.

2. I have reviewed the records of the Conservation Commission and found no evidence that Joseph Sampson and/or Pamela Sampson filed either a "Notice of Intent" or "Request for Determination of Applicability" with respect to property located at 7 Wyman Greeley Street in Salisbury.

Signed under the penalties of perjury, this 1st day of November, 2005.

Lisa Pearson
Salisbury Conservation Commission Agent

265145/SALI/0106


### Trial Court Information Center
Commonwealth of Massachusetts

Home » County Inquiry » Civil Docket Search » Docket Details

## Sampson et al v Salisbury, Town of et al

**Details for Docket: ESCV2004-01068**

**Case Information**

| | | | |
|---|---|---|---|
| Docket Number: | ESCV2004-01068 | Caption: | Sampson et al v Salisbury, Town of et al |
| Filing Date: | 06/03/2004 | Case Status: | Disposed: transferred to other court |
| Status Date: | 10/28/2004 | Session: | Civil-CtRm 1 (Newburypor |
| Lead Case: | NA | Case Type: | Complex |

**Tracking Deadlines**

| | | | |
|---|---|---|---|
| TRK: | F | Discovery: | 03/30/2005 |
| Service Date: | 09/01/2004 | Disposition: | 07/28/2005 |
| Rule 15: | 10/31/2004 | Rule 12/19/20: | 10/31/2004 |
| Final PTC: | 05/29/2005 | Rule 56: | 04/29/2005 |
| Answer Date: | 10/31/2004 | Jury Trial: | YES |

**Case Information**

| | | | |
|---|---|---|---|
| Docket Number: | ESCV2004-01068 | Caption: | Sampson et al v Salisbury, Town of et al |
| Filing Date: | 06/03/2004 | Case Status: | Disposed: transferred to other court |
| Status Date: | 10/28/2004 | Session: | Civil-CtRm 1 (Newburypor |
| Lead Case: | NA | Case Type: | Misc tort |

**Tracking Deadlines**

| | | | |
|---|---|---|---|
| TRK: | F | Discovery: | 03/30/2005 |
| Service Date: | 09/01/2004 | Disposition: | 07/28/2005 |
| Rule 15: | 10/31/2004 | Rule 12/19/20: | 10/31/2004 |
| Final PTC: | 05/29/2005 | Rule 56: | 04/29/2005 |
| Answer Date: | 10/31/2004 | Jury Trial: | YES |

| **Docket Details:** | **Parties** | **Attorneys** | **Docket Entries** | **Calendar Events** |
|---|---|---|---|---|
| | | | | **Print Docket** |

1999

TOWN OF SALISBURY

CHARTER

(As Amended through May 2000)



**COMMISSION MEMBERS**

Harold Janvrin  
Susan Bartlett  
Donald Beaulieu

Dianne Williams

Thomas Keough  
Robert Carroll  
James Poulin

(8) Appointment of Person Recalled - No person who has been recalled from an office, or who has resigned from office while recall proceedings were pending against them, shall be appointed to any town office within two (2) years after such recall or such resignation.

### Section 3-2: Board of Selectmen

(a) Composition, Term of Office - There shall be a Board of Selectmen consisting of five members elected for terms of three years each, so arranged that the terms of as nearly an equal number of members as is possible shall expire each year.

(b) Powers and Duties - The executive powers of the Town shall be vested in the Board of Selectmen, which shall be deemed to be the Chief Executive office in the Town. The Board of Selectmen shall serve as the chief policy-making agency of the town. It shall be responsible for the issuance of policy directives and guidelines to be followed by all town agencies serving under it and, in conjunction with other town officers, to develop and to promulgate policy guidelines designed to bring all agencies of the town into harmony; provided, however, that nothing in this section shall be construed to authorize any member of the Board of Selectmen, nor a majority of them, to become involved in the day- to-day administration of any town agency. It is the intent of this provision that the Board of Selectmen shall act only through the adoption of broad policy guidelines which are to be implemented by officers and employees appointed by or under its authority.

The Board of Selectmen shall cause a record of all its official acts to be kept. To aid in the performance of its duties, the Board of Selectmen shall appoint a Town Manager as provided in Article 4.

(c) Appointment Powers - The Board of Selectmen shall appoint a Town Manager, a license commission, library trustees, historical commission, registrars of voters (but not the Town Clerk), local cultural council, Pike School trustees, four members of a housing authority, a planning board, a harbor commission, a sewer advisory board, a rent control board, the council on aging, and Town Counsel. The Board of Selectmen shall appoint such other town officers and members of multiple member bodies, the primary responsibilities of which are policy making and not administrative, as may be provided by By-Law.

(d) Licensing Authority - The Board of Selectmen shall be the licensing board for the Town and shall have a power to issue licenses as otherwise authorized by law; to make all necessary rules and regulations regarding the issuance of such licenses and to attach conditions and impose restrictions on any such license they may issue as it deems to be in the public interest, and to enforce all laws relating to all businesses for which it issues any licenses; with the exception of the licenses for the manufacture and sale of intoxicating liquors.

There shall be a Board of License Commissioners in accordance with Chapter 31 of the Acts and Resolves of 1958 "To Provide for the Creation of a Board of License Commissioners in the Town of Salisbury." All licenses issued for the sale of intoxicating liquors shall be issued only by the