UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO.: 04-12214-JLT

|  |  |
|---|---|
| JOSEPH AND PAMELA SAMPSON,<br>　　　　　Plaintiffs,<br><br>vs.<br><br>TOWN OF SALISBURY and MICHAEL BASK in his capacity as Salisbury Town Manager and RON CHRIST, in his capacity as Town of Salisbury Chairman of the Conservation Commission,<br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' OPPOSITION AND MEMORANDUM IN
SUPPORT TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

The plaintiffs, Joseph Sampson and Pamela Sampson (hereinafter "the Sampsons"), are homeowners in the Town of Salisbury, MA, having built a home on 8 Wyman Greeley Street. On or about 1998, prior to building their home, the Sampsons were provided assurance by the Town of Salisbury officials that their home would be the last house built on Wyman Greeley Street bordering the wetlands and tidal marsh. Complaint ¶¶6-10. Notably Lot 7 across from the Sampsons' was represented by the defendants as unbuildable lot. The Sampsons relied upon said representation. Subsequently, in 1999 the Sampsons investigated the possibility of purchasing Lot 7 to, *inter alia*, preserve their pristine view, increasing the value of their property holding and possibly building a small house for sale and profit. This house would not encroach on their

1

view or disturb their privacy or devalue their property as the Sampsons would control the size and location of the house. Again the Sampsons were told by the defendants that Lot 7 was unbuildable. Based upon this information, the Sampsons decided against purchasing Lot 7. Complaint ¶13.

Lot 7 was eventually purchased by George and Cheryl Andrews. Complaint ¶14. They were allowed to build a house by the defendants despite the fact that the Sampsons were denied the same opportunity and protection of law by the defendants. Pursuant to 42 U.S.C. Section 1983 for violation of their right to equal protection of the law and pursuant to the Fourteenth Amendment of the United States Constitution and Violation of Right to Equal Protection of Law pursuant to Part I, Article 10 of the Massachusetts Declaration of Rights, the Sampsons seek redress from the defendants.

Given the numerous material facts in dispute concerning the defendants' policies, practices and assurance concerning whether Lot 7 was indeed unbuildable, Summary Judgment is not appropriate. Further, in a Judicial System devoted to adversary process, where notice and opportunity to be heard are essential to due process, granting the Defendants' Motion for Summary Judgment based on the facts of this case, would be premature, improper, unjust, and extremely prejudicial.

Accordingly, the defendants' Motion should be denied and the Sampsons must be allowed their day in court.

**ARGUMENT**

**I.  LEGAL STANDARD FOR SUMMARY JUDGMENT**

Summary Judgment is a "device to make possible the prompt disposition of controversies on their merits and without trial, if in essence, there is no real dispute as to the salient facts or if

only a question of law is involved." Cassesso v. Commissioner of Corrections, 390 Mass. 419, 422, 456 N.E.2d 1123, 1125 (1983). Summary Judgment is appropriate only when no genuine issue of material fact exists. The court must draw all inferences from the underlying facts in the light most favorable to the party opposing the motion. Attorney General v. Bailey, 386 Mass. 367, 371; 436 N.E.2d 139, 143; cert. Den sub nom. Bailey v. Belotti, 459 U.S. 970, 103 S. Ct. 301 (1982); Willitts v. Roman Catholic Archbishop of Boston, 411 Mass. 202, 203; 581 N.E.2d 475, 486 (1991).

Summary Judgment is not appropriate merely because the facts which the moving party offer appear more plausible that those which the opposing party offers or because it appears that the opposing party is not likely to prevail at trial. Attorney General v. Bailey, supra. Nor may the judge grant a motion for Summary Judgment merely to save the time and expense of trial. Hub Associates, Inc. v. Good, 357 Mass. 449; 258 N.E.2d 733 (1970).

**II. THE COMPLAINT IS NOT BARRED BY THE STATUTE OF LIMITATIONS**

The Sampsons' Complaint was filed timely. Complaint ¶9. In determining when a cause of action occurs the court is guided by the principle that "a cause of actions occurs on the happening of an event likely to put the plaintiff on notice". Hendrickson v. Sears, 310 N.E.2d 131 (1974). Nieves v. McSweeney, 241 F.3d 46. Section 1983 does not contain a built in Statute of Limitations. McIntosh v. Antonino, 71 F.3d 29, 33 (1st Cir. 1995). A three year Statute of Limitations is borrowed from the Forum States limitation period. Wilson v. Garcia, 105 S.Ct. 1938. The Statute of Limitations under section 1983 is three years.

Defendants incorrectly claim that the equal protection violation occurred on September 1, 1999, when the defendants issued an Order of Conditions allowing the Andrews to build on Lot 7. The defendants' argument incorrectly focuses on when the defendants issued an original

Order of Conditions and assumed the Sampsons' "alleged injury" occurred simultaneously with the issuance of the Order of Conditions. The facts state otherwise.

The defendants issued a building permit to the Andrews on October 5, 2002 and an extension of the building permit on January 1, 2004. On or about January 14, 2004 the defendants issued the Andrews an occupancy permit. The Sampsons never formally objected to the 1999 Order of Conditions and reluctantly accepted the idea that Lot 7 would be developed with the construction of a small scale house as illustrated by the architectural drawings with the Order of Conditions. Complaint ¶17. The Sampsons relied upon with the plans the Andrews presented and the defendants approved at the Notice of Intent meeting on September 1, 1999. No concrete event had occurred that would put the Sampsons on notice injury or damages.

Not until August of 2003, when the framing of the Andrews' house was approximately one-half completed did the Sampsons realized the house on Lot 7 was substantially different than the one approved by the defendants. The Sampsons were noticed and injured as a result. Immediately after being noticed, the Sampsons requested, *inter alia*, to be notified of any permit requests or public hearing relative to Lot 7. (See exhibit 1).

When a cause of action occurs in a civil rights case is a matter of Federal Law. Rivera-Muriente v. Agosto-Alrea, 959 F.2d 349, 353 (1st Cir. 1992); Street v. Vose, 936 F.2d 38, 40 (1st Cir. 1991). Consequently, a section 1983 claim occurs at the moment the Plaintiff knows or has a reason to know of the injury that is the basis for the claim. Calero-Colon v. Betancourt-Lebron, 68 F.3d 1, 3 (1st Cir. 1995). As stated, the Sampsons realized that they had been injured (damaged) during the construction of the Andrews house on Lot 7. The construction being different than the one approved by the defendants in size and location.

4

The question of when the Sampsons were actually noticed of an event that would trigger the Statute of Limitation is a fact of material dispute and therefore Summary Judgment is not appropriate.

### III.   THE SAMPSONS DO ESTABLISH AN EQUAL PROTECTION VIOLATION

The Equal Protection Clause of the Fourteenth Amendment safeguards not merely against such invidious classifications as race, gender and religion, but arbitrary classification of persons for unfavorable government treatment Hayden v. Grayson 134, F. 3d 449 (1st Cir. 1998)  As a general matter, the equal protection clause serves to protect interests against inequitable treatment, but other types of inequitable and classifications may be justified by showing of mere rationality Dandridge v. Williams, 397 US 471 (1970).

It is improper for selective enforcement of local regulations, LeClair v. Saunders, 627, F.2d 606 (1980).  The Equal Protection Clause also protects individuals against any arbitrary classification of persons for unforeseeable government treatment.  Pariseau v. City of Brockton, 135 F. Supp. 2d 257 (D. Mass. 2001).  In this context, the Equal Protection Clause may give rise to a cause of action on behalf of a "…class of one…"  where the plaintiff does not allege membership in a specific class but contends that "…she has been intentionally treated differently from others situated and that there is no rational basis for the difference in treatment Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).  The Equal Protection Clause also protects individuals from governmental action which constitutes bad faith of a malicious intent to injure Rubinovitz v. Rogato, 60 F. 3d 906, 911 (1st Cir. 1995).

The defendants repeatedly told the Sampsons that Lot 7 was unbuildable.  Complaint ¶¶11-13.  The Sampsons had wanted to purchase Lot 7.  Complaint ¶13.  They had the financial means to do so. But for the defendants' misrepresentations, the Sampsons would have purchased

5

Lot 7 (See Exhibit 2). The defendants selectively enforced their own regulations by allowing Lot 7 to be developed after repeatedly denying the Sampsons the same opportunity. This selective enforcement was done in bad faith grounded in malicious intent to deprive the Sampsons of the opportunity to purchase and develop Lot 7 for profit.

The Sampsons allege they have been intentionally treated differently by the defendants from others similarly situated (Andrews) and there was no rational basis for the difference in treatment. This is a question of fact certainly in dispute, which can only be further examined via formal discovery.

The defendants' assertion that "a differentiating characteristics is so self-evidently a bases for reasonable classification as to show both dissimilarity and reasonableness at the same time," quoting Walker v. Exeter Region Co-op School Dist. 284, F3d 42, 44 is erroneous and misguided which can not overcome the Defendants blatant actions. That is, the Sampsons were classified as a result of the ***defendants' actions*** [emphasis added]. In other words, the Sampsons received substantially dissimilar treatment from the defendants, after being classified by the defendants. The defendants rationalize the differential treatment of the Sampsons justifying their actions due to the fact that the Sampsons "did not apply for approval to build Lot 7" (Defendant's Motion for Summary Judgment, page 7, paragraph 1) as the Andrews had. According to the defendants, this provided a rational justification for the discrepant treatment.

The Sampsons contend they were treated differently without justification. Further, the defendants' actions were not reasonable. The Sampsons were repeatedly told by the defendants that Lot 7 was unbuildable. Complaint ¶¶10, 13. The defendants were the decision makers and the authority. The Sampsons having successfully negotiated through the complex municipal process relative to their own Lot 8 were well seasoned and acutely knowledgeable as to the

6

Town of Salisbury Building Regulations, including wetland approvals. The defendants were aware of the Sampsons expertise which differentiated them from the Andrews. It would be have been counter productive for the Sampsons to file formal applications with the defendants relative to building on Lot 7, having been told repeatedly and assured by the defendants that Lot 7 was unbuildable.

The Sampsons contend that the Andrews were not told by the defendants that Lot 7 was unbuildable. Without this disclaimer by the defendants, the Andrews purchased Lot 7 and subsequently filed the necessary request for permits required to build a house with the proper licensing authority.

In short, the Equal Protection Clause contemplates that similarly situated persons are to receive substantially similar treatment from their government. <u>Barrington Cove Ltd. Partnership</u> v. <u>House and Mortgage Fin. Corporation</u>, 246 F. 3d 1 (1st Cir. 2001). There exists in this case disputed material facts that the Sampsons were selectively treated based on malice or bad faith with intent to injure.

## IV. CONCLUSION

As demonstrated herein by Sampsons' affidavit [Joseph Sampson], there are conclusively issues of material facts clearly in dispute and this Court should look warily at the defendants' Motion as a thinly veiled device to eliminate a trial thus depriving the Sampsons of due process of law. Summary Judgment is not appropriate. The Sampsons deserve their day in Court.

Dated: January 4, 2006

                                    RESPECTFULLY SUBMITTED
                                    FOR THE PLAINTIFFS
                                    BY THEIR ATTORNEY

                                    /s/Scott F. Gleason
                                    Scott F. Gleason, Esquire
                                    GLEASON LAW OFFICES, P.C.
                                    163 Merrimack Street
                                    Haverhill, MA 01830
                                    (978) 521-4044
                                    B.B.O. Reg. No. 195000

## CERTIFICATE OF SERVICE

    I, Scott F. Gleason, Esquire do hereby certify that I have this  4th   day of January, 2006 forwarded a copy of the within document, postage prepaid to:  Jackie Cowin, Esquire, George X. Pucci, Esquire, KOPELMAN AND PAIGE, P.C.,  31 St. James Avenue, Boston, MA 02116-4102.

                                    /s/Scott F. Gleason
                                    Scott F. Gleason, Esquire