UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO.: 04-12214-JLT

|  |  |
|---|---|
| JOSEPH AND PAMELA SAMPSON, Plaintiffs, vs. TOWN OF SALISBURY and MICHAEL BASK in his capacity as Salisbury Town Manager and RON CHRIST, in his capacity as Town of Salisbury Chairman of the Conservation Commission, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**PLAINTIFFS' L.R. 56.1 CONCISE STATEMENT OF MATERIAL FACTS OF RECORD AS TO WHICH THERE IS A GENUINE ISSUE TO BE TRIED**

1.  Lot 7 borders wetlands, and thus any activity on the property falls under the jurisdiction of the Town's Conservation Commission, pursuant to the Massachusetts Wetlands Protection Act, G.L. c. 131, §40.

2.  The Sampsons have never filed either a "Notice of Intent" or "Request for Determination of Applicability" with respect to Lot 7, as provided for in the Massachusetts Wetlands Protection Act, G.L. c. 131, §40.

3.  The Sampsons did not appeal the issuance of the Order of Conditions to the Department of Environmental Protection, as was their right under G.L. c. 131, §40, ¶30, or challenge the Order of Conditions in Superior Court, as was their right under the Certiorari Statute,

1

G. C. c. 249, §4. Nor have the Sampsons requested enforcement action with respect to Lot 7, pursuant to G.L. c. 131, §40, ¶30.

4.    The Town's policymaker is its Board of Selectmen. <u>Town of Salisbury Charter</u>, Section 3-2.

5.    In an effort to preserve their pristine view and quality of life, the Sampsons formally requested from the Town of Salisbury assurances that the lot directly across from theirs, Lot 7, on the left hand side of the street was unbuildable and therefore no house would ever be built. These assurances came from a Town of Salisbury opening meeting on August 19, 1998. <u>Complaint</u> ¶10.

6.    Sampsons received assurances at the referenced public meeting from State Army Corps of Engineer, David Kadell, and Ron Christ, Chairman of Local Salisbury Conservation Commission that Lot number 7, across from the Sampsons, was indeed unbuildable. <u>Complaint</u> ¶11.

7.    The Sampsons relied upon these representations and assurances by the Town of Salisbury officials, et al, to their detriment. <u>Complaint</u> ¶12.

8.    On or about March, 1999, the Sampsons entertained the notion of purchasing Lot 7 to preserve their pristine view, increase the value of their property holdings and with the possibility of building a "small" house that would not encroach on their view or privacy or disrupt their quality of life. The purchase price for Lot 7 was $60,000.00. The Sampsons were again reassured by Town of Salisbury officials that the lot was unbuildable. Based on this information, the Sampsons decided not to pursue the purchase of Lot 7. <u>Complaint</u> ¶13.

9.    The Andrews building plans were reviewed by the Sampsons who reluctantly accepted the idea that Lot 7 would be developed with the construction of the small scale house. This was due to the fact that the plans specifically illustrated a small scale house. The Sampsons were convinced, based upon the presented plans that their privacy, view and quality of life would not be compromised and therefore did not object as the house was to be located on the southwest corner of the lot.  Complaint ¶9.

10.   Construction commenced on the house on Lot 7.   However, the house was not located in the southwest corner of the lot as had been specifically detailed at the September 1, 1999 Notice of Intent Meeting.   Furthermore, the house was not remotely close in size or design to the one that had been portrayed at the Notice of Intent Meeting on September 1, 1999.   The house that was being constructed was substantially larger in scale and encroached upon the Sampsons property and, *inter alia*, destroyed their pristine view, has significantly compromised their quality of life and has caused substantial property damage.  Complaint ¶18.

11.   The Town of Salisbury officials including Ron Christ selectively enforced their own laws and ordinances without a rational basis for doing so.  Affidavit of Joseph Sampson ("Exhibit 2").

12.   The defendants intentionally treated the Sampsons differently then the Andrews by telling the Sampsons Lot 7 was unbuildable in violation of their rights.  Affidavit of Joseph Sampson ("Exhibit 2").

13.   The Sampsons believe the defendants actions were intentional and done in bad faith so that the Sampsons would suffer damages.  Affidavit of Joseph Sampson ("Exhibit 2").

Dated: January 4, 2006

RESPECTFULLY SUBMITTED
FOR THE PLAINTIFFS
BY THEIR ATTORNEY


/s/Scott F. Gleason
Scott F. Gleason, Esquire
GLEASON LAW OFFICES, P.C.
163 Merrimack Street
Haverhill, MA 01830
(978) 521-4044


CERTIFICATE OF SERVICE

I, Scott F. Gleason, Esquire do hereby certify that I have this   4th   day of January, 2006 forwarded a copy of the within document, postage prepaid to:  Jackie Cowin, Esquire, George X. Pucci, Esquire, KOPELMAN AND PAIGE, P.C.,  31 St. James Avenue, Boston, MA 02116-4102.


/s/Scott F. Gleason
Scott F. Gleason, Esquire