
EXHIBIT 1

# GLEASON LAW OFFICES

A PROFESSIONAL CORPORATION

163 MERRIMACK STREET

HAVERHILL, MA 01830

SCOTT F. GLEASON
THOMAS J. GLEASON*
SEAN P. GLEASON
WILLIAM P. BOLAND
MELISSA J. LEWANDOWSKI

TELEPHONE (978) 521-4044
FAX (978) 521-3738

ROBERT J. WHITE*
Of Counsel

August 26, 2003

*CERTIFIED MAIL RETURN RECEIPT REQUESTED*

Neil Harrington, Town Manager
TOWN OF SALISBURY
5 Beach Road
Salisbury, MA 01950

*NOTICE OF CLAIM PER M.G.L. c. 258, Section 4*

Re:   *Joseph and Pamela Sampson*

Dear Mr. Harrington:

This office represents Joseph and Pamela Sampson who reside at 8 Wyman Greely Street, Salisbury, Massachusetts.

In conformity with Massachusetts General Law, Chapter 258, Section 4, as amended or added by Chapter 512 of the Acts of 1978, please consider this a formal notice of a claim against the Town of Salisbury for injuries and damages due to the Town's negligence, nonfeasance and nuisance relative to allowing the construction of a house at 7 Wyman Greely Street, directly across from the Sampson's property.

The Town of Salisbury negligently and irresponsibly allowed the aforementioned construction despite previous recorded Town rulings which forever prevented the development of the lot at 7 Wyman Greely Street. Further, the Town of Salisbury allowed the construction despite notice of overwhelming civil environmental engineering, wetland and zoning evidence which raised serious safety and health concerns. These violations have severely damaged and impacted the Sampson's property affecting their quality of life.

Additionally, it has come to the Sampson's attention, that the owner and/or contractor intends to significantly damage their property by removing numerous trees in a buffer zone in an attempt to extend the paved street/driveway. This has not been approved by the Town or any other State Agency as this involves a substantial encroachment on the wetlands. The Sampsons formally oppose such an egregious action and insist that all zoning, environmental and procedural protocol be strictly adhered to by the Town of Salisbury, the contractor, the owner and any

*ADMITTED TO PRACTICE IN MASSACHUSETTS AND NEW HAMPSHIRE

relative State Agency. The Sampsons insist they be formally notified of any permitting requirement or public hearing relative to the above.

As such, on behalf of Joseph and Pamela Sampson a demand is hereby made in the amount of $1,000,000.00 for damages sustained. Demand is further made to *cease and desist* with the removal of any trees and the paving extension of the street/driveway.

Your earliest response would be appreciated.

Thank you.

Very truly yours,

Scott F. Gleason

SFG/cfw

cc:  Donald Levesque, Department of Public Works
     Lisa Pearson, Conservation Commission



EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO.: 04-12214-JLT

| | |
|---|---|
| JOSEPH AND PAMELA SAMPSON,<br>　　　Plaintiffs<br><br>vs.<br><br>TOWN OF SALISBURY and<br>MICHAEL BASK in his capacity<br>as Salisbury Town Manager and<br>RON CHRIST, in his capacity<br>as Town of Salisbury Chairman of<br>the Conservation Commission,<br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF JOSEPH SAMPSON

I, Joseph Sampson, do hereby depose and state as follows:

1. My wife Pamela Sampson and I are the plaintiffs in the above entitled matter.

2. We live at 8 Wyman Greeley Street, Salisbury, Massachusetts. Before we built our home in 1998 and were told by Town of Salisbury officials that our home would be the last house built on Wyman Greeley Street boarding the Wetlands. We relied on this representation.

3. In 1998-99 we inquired from the Town of Salisbury officials, including Ron Christ then Chairman of the Conversation Commission as to whether Lot 7 on Wyman Greeley Street was buildable. The Town of Salisbury officials as well as Ron Christ emphatically stated it was not a buildable lot. We decided not to purchase Lot 7. Based upon this representation we decided not to purchase Lot 7.

4. We wanted to purchase Lot 7, having the financial means to do so, to preserve our pristine view, to increase the value of our property and to possibly build a small scale house on the Southwest corner of Lot 7.

5. Subsequently, the Andrews purchased Lot 7. We were notified of their intention to build a house. We received a letter of a Notice of Intent meeting scheduled for July 15, 1999 which we attended.

6. At the September 1, 1999 Notice of Intent meeting we were shown detailed plans that included the lot location and structure size of the house.

7. Constructed commenced, however the house was not located in the approved location nor was it the same size as shown and approved at the September 1, 1999 Notice of Intent meeting.

8. Not until the house was approximately one-half framed did we realize that we were going to suffer substantial damages and losses as a result.

9. We sent a certified letter to the Town of Salisbury on August 26, 2003 informing them of our position and filed suit on June 2, 2004.

10. The Town of Salisbury officials including Ron Christ selectively enforced their own laws and ordinances without a rational basis for doing so.

11. The defendants intentionally treated us differently then the Andrews by telling us Lot 7 was unbuildable in violation of our rights.

12. We believe the defendants actions were intentional and done in bad faith so that wewould suffer damages.

13. Had the defendant not told us Lot 7 was unbuildable, we would have purchased it without hesitation.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 4/7d/ DAY OF JANUARY, 2006.

_____
Joseph Sampson

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

Then personally appeared the above named Joseph Sampson and acknowledged the foregoing to be his free act and deed before me.

_____
Notary Public
My Commission Expires: 9/20/07